UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

01 MAR -5 FM 12: 0ₒ

U.S. DISTRICT COURT
N.D. OF ALABAMA

PAULA MITCHELL, as
Administratrix of the Estate of PAUL
WINSETT, deceased,

Plaintiff,

vs.

FARRIS HAMBY; et al.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

CV 99-BU-2706-J

**ENTERED**

**MAR 5 2001**

## MEMORANDUM OPINION

This case is presently pending before the Court on motion for summary judgment, filed by Defendant Williams Scotsman, Inc., (Doc. 27) and motion for summary judgment, filed by Defendants Farris Hamby and Transit Homes of America, Inc. (Doc. 24). Plaintiff has sued Defendants, alleging that Hamby, an employee of Transit Homes, negligently and/or wantonly caused the death of Plaintiff's decedent, Paul Winsett. Plaintiff contends that Hamby, an employee of Transit Homes, negligently caused a traffic accident while delivering a Williams Scotsman portable building. Plaintiff's complaint also alleges that the Williams Scotsman building was defective.

Based on its review of the parties submissions, the Court has determined that Defendant Williams Scotsman's motion for summary judgment (Doc. 27) is due to

be granted and Plaintiff's claims against this Defendant are due to dismissed. The motion for summary judgment filed by Defendant Hamby and Defendant American Transit Homes of America (Doc. 24) is due to be denied.

## I.   **SUMMARY JUDGMENT STANDARD**

On a motion for summary judgment, the court assesses all of the proof the parties can bring to bear in order to ascertain whether a genuine need for trial is present. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Summary judgment is weighed heavily in favor of the non-movant; it is appropriate only if the court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). A party seeking summary judgment has the initial responsibility of informing the Court of the grounds for its motion and specifically identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; 106 S. Ct. at 2553; *see also Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied its initial burden, the nonmoving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will

bear the burden of proof at trial." *Howard v. BP Oil Company*, 32 F.3d 520, 523 (11th Cir. 1994). In resolving whether a given factual dispute requires submission to a jury, a district court must view the record in the light most favorable to the nonmoving party and resolve all reasonable inferences in the nonmovant's favor. *Rooney v. Watson*, 101 F.3d 1378, 1380 (11th Cir. 1996) (citing *Hale v. Tallapoosa Co.*, 50 F.3d 1579, 1581 (11th Cir. 1995)).

## II.   STATEMENT OF FACTS

Defendant Williams Scotsman is in the business of leasing and selling portable buildings. In June 1997 Williams Scotsman sold a portable office building and its undercarriage to Perimeter Transport; it contracted with Design Space, Inc., to manufacture, assemble, and deliver the building. After its manufacture, the building was labeled with the Williams Scotsman name.

The contract between Williams Scotsman and Design Space called for Design Space to make arrangements for transportation of the building to Perimeter Transport's site in Tennessee. Williams Scotsman made no decision regarding the manner of shipping, although the contract did specify a delivery date. Williams Scotsman never had possession of the building. Transit Homes was hired to deliver the building to Perimeter Transport in Tennessee and, subsequently, employed Farris Hamby to make such delivery. At the time of the accident, Hamby was acting within the line and scope of his employment with Transit Homes.

On September 5, 1997, at approximately 6:15 a.m., Hamby, while in the process of delivering the portable to Tennessee, drove northbound on Alabama Highway 5 in Jasper, Alabama. The portable building was 64 feet long and 14 feet wide; its lane of travel on Alabama Highway 5 is 12 feet wide. Prior to the collision, the trailer was swaying or fishtailing from side to side. Plaintiff alleges that the trailer movement prevented Hamby from maintaining enough control over the trailer to keep it in the northbound lane of travel. The trailer sway caused the building traveling on the trailer behind Hamby's tractor to pass over the center line of the highway and into the southbound lane.

At this same time, Winsett was traveling southbound on Alabama Highway 5. As he approached Hamby, Winsett steered his vehicle toward the shoulder of the road on his right in an apparent attempt to avoid the tractor trailer. The right front tire of Winsett's vehicle slipped off the road and caused him to lose control of his vehicle. His vehicle collided with the left side of the Williams Scotsman building, and he died as a result of his injuries.

James Howard Thacker, Jr., an eyewitness to the event, had followed behind Hamby for approximately five and a half miles prior to the accident. Thacker states that, while following Hamby, he observed Hamby's trailer sway or fishtail, causing

the trailer to move from riding the center line to crossing over into the southbound lane of the highway.[1]

Steven Norris, another eyewitness, stated that he saw Winsett's vehicle over the center line in Hamby's lane of travel immediately prior to the accident. Norris saw the collision occur in Hamby's lane of travel.

Hamby testified that prior to the accident, the front right wheel of the Winsett's vehicle went off the road to the right, then Winsett's vehicle got back onto the road came across the center line into Hamby's lane of travel, and then Winsett collided into Hamby's vehicle on Hamby's side of the road.

The time of the accident was 6:15 a.m. The time of sunrise on the date of the accident was 6:26 a.m. Pursuant to the Alabama permit, which governed the Defendants' transport of the mobile building, the permitted hours of travel were "Sunrise to Sunset."

There is no evidence before the Court of any defect in the portable building or that any defect in the portable building caused the accident.

## III. DISCUSSION

### A.    FARRIS HAMBY & TRANSIT HOMES OF AMERICA

Plaintiff's complaint alleges the following claims against Hamby and his employer Transit Homes: (1) negligence and/or wantonness (Hamby and Transit

---

[1]Defendants Hamby and Transit Homes have filed a motion to strike Thacker's affidavit on the grounds that it is inconsistent with a prior, unsworn statement. The Court has denied this motion by separate order.

Homes); (2) negligent entrustment (Transit Homes); (3) negligent supervision and training (Transit Homes); and (4) joint venture (Hamby and Transit Homes).

Hamby and his employer, Transit Homes of America, ask this Court to grant their motion for summary judgment and to dismiss Plaintiff's claims based on the fact that Winsett's negligence caused or contributed to the accident. Plaintiff contends that Hamby's negligent operation of his vehicle, which allegedly caused it to sway and fishtail into the lane of on-coming traffic, caused the accident. Moreover, she alleges that Hamby violated Alabama law by crossing the center line of the highway; that he violated his Alabama permit by driving before sunrise; and that he violated his Georgia permit regarding the length, wheel base, and weight of his towing vehicle.

After reviewing the briefs and evidentiary submissions of the parties, the Court finds that there is a disputed issue of material fact as to the cause of the accident, specifically (1) whether Hamby operated his vehicle in a negligent manner, such that it crowded and/or crossed the center line, or that he drove at an excessive speed; and (2) whether Winsett was negligent in causing the accident, and whether such negligence bars recovery by his estate. *See Tillis Trucking Co., Inc. v. Moses*, 748 So. 2d 874, 884-85 (Ala. 1999)(citing *Merritt v. Simonson*, 630 So. 2d 428, 430 (Ala.1993)); *Bettis v. Thornton*, 662 So. 2d 256, 258 (Ala. 1995). Therefore, the motion for summary judgment, filed by Hamby and Transit Homes of America, (Doc. 24) is due to be denied.

## B. WILLIAM SCOTSMAN, INC.

Plaintiff's complaint alleges two claims against Defendant William Scotsman, Inc. -- (1) products liability/Alabama Manufactures Extended Liability Doctrine (AMELD), and (2) joint venture.

### 1. Alabama Extended Manufacturer's Liability Doctrine

Plaintiff's complaint alleges that the braking system on the portable building was defective and unreasonably safe. Defendant contends that it was not responsible for the design, manufacture, assembly, sale, or distribution of the portable building and that Plaintiff cannot show that the portable building was defective; and/or that this defect caused the accident.

Plaintiff has not presented any evidence or argument that the portable building was defective and/or that this defect caused the accident, an essential element of her AMELD claim. *Hicks v. Vulcan Engineering Co.*,749 So. 2d 417, 422 (Ala. 1999)(citing, *inter alia*, *Entrekin v. Atlantic Richfield Co.*, 519 So. 2d 447, 449 (Ala.1987)); *see also Gibson v. Norfolk Southern Corp.*, 878 F. Supp. 1455, 1459 (N.D. Ala. 1994), *aff'd without opinion*, 48 F.3d 536 (11th Cir. 1995). Therefore, the motion for summary judgment, filed by Defendant William Scotsman, is due to granted as to Plaintiff's AMELD claim.

### 2. Joint Venture

Plaintiff contends that Defendant Williams Scotsman should be liable for Hamby's negligence because it was involved in a joint venture with Hamby and his

employer, Transit Homes. Plaintiff contends that Defendants "entered into and had

been a part of a *joint venture* for the express purpose of delivering mobile home

trailers on the public roads and highways." Doc. 1, Exh. Complaint, ¶ 29.

Pursuant to Alabama law:

Agency is generally a question of fact to be determined by the trier of fact. *See Oliver v. Taylor*, 394 So. 2d 945 (Ala.1981). When a defendant's liability is to be based on agency, agency may not be presumed; rather, when on a motion for summary judgment a defendant has made a prima facie showing that there was no agency relationship, the party asserting agency has the burden of presenting substantial evidence of the alleged agency. *Carlton v. Alabama Dairy Queen, Inc.*, 529 So. 2d 921 (Ala.1988); *Wood v. Shell Oil Co.*, 495 So. 2d 1034 (Ala.1986). The test to be applied in determining whether there existed an agency relationship based on actual authority is whether the alleged principal exercised a right of control over the manner of the alleged agent's performance. Control must be proven; and proof of control requires more than proof of a mere right to determine if the person claimed to be an agent is conforming to the requirements of a contract.

*Malmberg v. American Honda Motor Co., Inc.*, 644 So. 2d 888, 890 (Ala. 1994).

Plaintiff contends that the following facts demonstrate the "right of control:"

1. Williams Scotsman performed all communication and contact with Perimeter Transport;

2. Williams Scotsman told Design Space, Inc., the particular specifications for the mobile building they were to build;

3. Williams Scotsman approved all production design drawings before construction was commenced;

4. Williams Scotsman told Design Space, Inc., when to deliver the mobile building to Perimeter Transport; and

5.    Williams Scotsman was responsible for collecting payment for
the mobile building.

Doc. 28, pp. 15-17. Nothing in these allegations indicates that Williams Scotsman

had "an equal right of control of the means employed to carry out the common

purpose of the venture." *Environmental WasteControl, Inc. v. Browning-Ferris*

*Industries, Inc.*, 657 So. 2d 885, 887-88 (Ala. 1995)(quoting *Arndt v. City of*

*Birmingham*, 547 So. 2d 397, 399-400 (Ala.1989)(quoting 46 Am. Jur. 2d *Joint*

*Ventures* § 1 (1969))). As a matter of law, the Court finds that nothing in the record

indicates that Williams Scotsman had any right to control the manner in which the

portable building was delivered beyond the mere right "to determine if the . . . agent

is conforming to the requirements of a contract." *Malmberg*, 644 So. 2d at 890.

Therefore, the motion for summary judgment filed by Williams Scotsman is

due to granted as to Plaintiff's joint venture claim against Williams Scotsman.

## IV.    CONCLUSION

Based on the foregoing, the motion for summary judgment, filed by

Defendants Hamby and Transit Homes (Doc. 24), is due to be denied.  The motion

for summary judgment, filed by Defendant Williams Scotsman (Doc. 27) is due to

be granted.  As to all claims against Defendant Williams Scotsman, the Court finds

no existing disputed issue of material fact and that said Defendant is entitled to

judgment as a matter of law.

The Court will enter an Order contemporaneously herewith in accordance with this Memorandum Opinion granting summary judgment in favor of Defendants on all claims of Plaintiff.

DONE this **2Nd** day of March, 2001.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE